IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID A. RICKMAN,

                Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

No. CV-10-6182-HZ

OPINION AND ORDER

Kathryn Tassinari
Mark A. Manning
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette
Suite 200
Eugene, OR 97401

    Attorneys for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon

1 - OPINION AND ORDER

1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Franco L. Becia
Assistant Regional Counsel
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff, David A. Rickman ("Plaintiff" or "Rickman"), brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner found Plaintiff not disabled and denied his applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"), 42 U.S.C. §§ 423 and 416, respectively. For the reasons set forth below, the Commissioner's decision is REVERSED.

## PROCEDURAL BACKGROUND

  On May 15, 2006, Plaintiff applied for Title II DIB and Title XVI SSI, alleging a disability onset date of May 7, 2005. R. at 9, 87. Plaintiff's applications were denied, and he requested a hearing before an administrative law judge ("ALJ") of the Social Security Administration ("SSA"). R. at 62-68. A hearing was held on May 13, 2008, before ALJ William L. Stewart, Jr., who found Plaintiff was not disabled. R. at 16, 24. Plaintiff requested review of the ALJ's decision, but the Appeals Council denied Plaintiff's request on May 6, 2010. R. at 1.
/ / /

## FACTUAL BACKGROUND

2 - OPINION AND ORDER

The parties are familiar with the medical and other evidence of the record. Therefore, the evidence will not be repeated here except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20

3 - OPINION AND ORDER

C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.

In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. R. at 11, Finding 2. At step two, the ALJ found Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine with mild degenerative changes; history of lumbar sprain/strain; left elbow epicondylitis; and rotator cuff syndrome." R. at 11.

At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 13, Finding 4. Regarding Plaintiff's RFC, the ALJ found:

> [Plaintiff] has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk at least two hours in an eight hour workday but may need to use a cane; sit at least six hours in an eight hour workday; with opportunity to change positions. [Plaintiff] is precluded from climbing of ladders, ropes and scaffolds. [Plaintiff] is limited to occasional climbing of stairs; negotiating of ramps; stooping; kneeling; crouching and crawling.

Id., Finding 5.

At step four, the ALJ found Plaintiff was not able to perform past relevant work. R. at 23, Finding 6. At step five, the ALJ found Plaintiff was not disabled because he could perform

4 - OPINION AND ORDER

the occupations of: (1) an order clerk, Dictionary of Occupational Titles ("DOT") #209.567-014; (2) a surveillance system monitor, DOT# 379.367-010; and (3) a patcher, DOT# 723.687-010. R. at 14-15, Finding 10.

## STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. Howard, 782 F.2d at 1486. To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff challenges the ALJ's decision denying benefits on four grounds. He contends (1) the ALJ did not properly consider the lay-witness testimony of his wife; (2) the ALJ failed to

give clear and convincing reasons for rejecting Plaintiff's testimony; (3) the ALJ failed to include any mental limitations, such as somatoform pain disorder, at steps two and four of the sequential analysis; and (4) the ALJ failed to meet his burden of proving that Plaintiff has the ability to perform "other work" in the national economy.  For the reasons discussed below, I find the ALJ did not properly address the lay-witness testimony of Plaintiff's wife and that this matter must be remanded to the Commissioner for further proceedings.  If properly addressed, the lay-witness testimony could have affected, among other things, the ALJ's findings regarding Plaintiff's credibility, the limitations stemming from Plaintiff's impairments, and his ultimate disability determination.  Accordingly, I do not address the other arguments raised by Plaintiff at this juncture.

**I. Lay Witness Testimony**

Plaintiff contends the ALJ failed to properly credit the lay evidence of his wife, Becky Rickman.  The ALJ has a duty to consider lay witness testimony.  20 C.F.R. § 404.1513(d); 20 C.F.R. § 404.1545(a)(3); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify about the claimant's condition.  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).  Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis, 236 F.3d at 511.  The reviewing court may not find an ALJ's omission of lay testimony harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

6 - OPINION AND ORDER

Here, Mrs. Rickman submitted a third-party function report on June 8, 2006, listing Plaintiff's daily activities and physical limitations. R. at 133-40. In her report, she stated that Plaintiff was required "to lay on [a] cold pack or heat." R. at 137. She indicated Plaintiff has physical limitations in lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, and using his hands. R. at 138. She also indicated Plaintiff has limitations in memory, completing tasks, concentration, and getting along with others. Id. She stated that Plaintiff requires assistance getting dressed, getting in out of the bath, and getting off the toilet. R. at 134-36. She noted that Plaintiff cannot go shopping, "[g]ets moody or irritable because of the pain," and "doesn't feel good enough to go out or do anything." Id.

The ALJ referred to Mrs. Rickman's statements in his opinion, stating that Mrs. Rickman "essentially . . . did all things for her husband including the household chores, cooking, running his bath and driving him to his appointments." R. at 23, 134-36, 138. He, however, made no identifiable conclusion regarding his acceptance or rejection of Mrs. Rickman's lay witness statements. See R. at 134. A district court may not affirm silent omission of lay witness testimony unless it can confidently conclude that no reasonable ALJ, when fully crediting the omitted testimony, would reach a different disability conclusion. Stout, 454 F.3d at 1055-56.

If properly considered, the lay-witness testimony of Mrs. Rickman could have corroborated Plaintiff's testimony or provided additional information affecting the ALJ's determination regarding the severity of Plaintiff's impairments and how those impairments affect his ability to work. In addition, fully crediting Mrs. Rickman's testimony would lead to a different RFC assessment, which in turn would prompt different vocational expert ("VE") testimony regarding Plaintiff's ability to perform work in the national economy at step five in the

7 - OPINION AND ORDER

sequential proceedings. Under these circumstances, I cannot "confidently conclude" that fully crediting Mrs. Rickman's testimony would result in the same disability determination under the Stout standard. The ALJ therefore erred when he implicitly rejected Mrs. Rickman's lay witness statements without providing any reason germane to Mrs. Rickman, and such error was not harmless.

**II. Remand**

I must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits. Sentence four of 42 U.S.C. § 405(g) gives the court discretion to decide whether to remand for further proceedings or for an award of benefits. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Id. at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id.

The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. Id. at 1178 n.2. The decision whether to remand for further proceedings or for an immediate payment of benefits generally turns on the likely utility of further proceedings. Id. at 1179. The court may

8 - OPINION AND ORDER

"direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292.

District courts have "flexibility in applying the 'crediting as true' theory." Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate because the ALJ must appropriately address Mrs. Rickman's lay-witness testimony before a proper disability determination can be made. See Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009). On remand, the ALJ shall address the credibility of Mrs. Rickman and if necessary, properly consider limitations stemming from Mrs. Rickman's lay-witness statements. The ALJ shall also make new findings at step two through step five of the sequential proceedings if appropriate.

## CONCLUSION

For the foregoing reasons, this court REVERSES the decision of the Commissioner and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

Dated this  29th   day of  July   , 2011.

                                      /s/ Marco A. Hernandez
                                      MARCO A. HERNANDEZ
                                      United States District Judge